Casondra K. Ruga (State Bar No. 237597)
**ALSTON & BIRD LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email:  casondra.ruga@alston.com

Attorneys for Applicants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of Vringo, Inc. and Vringo Infrastructure, Inc.<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Qualcomm Incorporated for use in Foreign Proceeding. | Case No.: **'14CV2525 W    MDD**<br><br>**EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM**<br><br>[Certification and Notice of Interested Parties; Declaration of Casondra K. Ruga; and (Proposed) Order filed concurrently herewith] |

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

LEGAL02/34793499v1

      Vringo, Inc. and Vringo Infrastructure, Inc. (collectively "Vringo"), applies to the Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 granting Vringo leave to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in foreign litigation (hereinafter "Application").  This Application is supported by the memorandum of points and authorities below and the Declaration of Casondra K. Ruga ("Ruga Decl.") filed concurrently herewith.  Though not required for this Application, Vringo has provided courtesy notice of its application to ZTE Corporation and ZTE Australia Pty Ltd. (collectively "ZTE").   (Ruga Decl., ¶ 17.) Vringo also provided notice of this Application to Qualcomm.  (Ruga Dec., ¶ 18.) The proposed subpoena is attached to this application as Exhibit A.

## I.    **INTRODUCTION**

      Vringo is pursuing patent infringement actions against ZTE in Australia, among other jurisdictions.[1]  In support of that litigation, Vringo seeks narrowly tailored discovery from Qualcomm, which supplies ZTE with chips at issue in at least one patent asserted in those cases.  Specifically, Vringo seeks documents relating to technical issues and features pertaining to the Qualcomm chips at issue.

      Vringo's Application for the requested discovery is brought under 28 U.S.C. § 1782, which permits interested parties, such as Vringo, to obtain discovery for use in foreign litigation from companies located within the United States.  Vringo's Application satisfies Section 1782's three statutory requirements.  First, the Application is filed in "the district in which [the] person resides" because Qualcomm's headquarters are in San Diego, California. 28 U.S.C. §1782(a).  Second, Vringo seeks

---

[1] Vringo previously filed an ex parte 1782 application seeking discovery for use in foreign proceedings pending in Germany, France, Spain, India, and Australia. *See In re Ex. Parte Application of Vringo, Inc.*, Case No. 14CV1394. (*See* Declaration of Casondra K. Ruga ("Ruga Decl."), ¶ 2.)  The Court denied without prejudice that application based on its understanding "that all issues were resolved through the meet and confer process." (Ruga Dec., Exh. 1.) Qualcomm will not produce the materials absent a court order and therefore Vringo is obligated to file the instant application. (*Id.*) Vringo further notes that at Qualcomm's request Vringo is filing three separate applications to govern each of the foreign jurisdictions for which it seeks discovery (Australian, European Union, and India). (*Id.*)

1

the discovery "for use in a proceeding in a foreign ... tribunal," specifically in the Federal Court of Australia in the New South Wales Registry.  Third, Vringo is qualified as an "interested person[]" in the foreign proceeding. *See id.; see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U,S. 241, 256 (2004) (litigants are common example of "interested persons").

Moreover, all factors identified by the Supreme Court to guide a court's discretion in analyzing Section 1782 applications favor granting Vringo's request. Specifically, Qualcomm is not a participant in the foreign proceeding, and Section 1782 provides an effective mechanism for obtaining this targeted discovery.  In addition, the foreign jurisdiction at issue is receptive to the type of discovery sought by Vringo, the discovery provides key information for the foreign proceeding, and the request is not made to circumvent any limitation on discovery imposed by the foreign court.  Finally, the proposed discovery requests are narrowly tailored and are not unduly intrusive or burdensome. To the extent the documents requested contain confidential business information, Vringo will agree to protect the information from disclosure, as may be appropriate. Accordingly, Vringo respectfully requests that the Court enter an order permitting Vringo to serve the subpoena, attached as Exhibit A to this Application.

## II.   FACTUAL BACKGROUND

By this Application, Vringo seeks a limited scope of technical documents from Qualcomm relevant to a patent that Vringo asserts against ZTE in Australia. That Vringo Patent is Australian Patent No. 2005212893 ("AU 893 patent"), which relates to controlling radio resources in a wireless telecommunications system. (Ruga Decl., ¶ 3.)  Vringo's infringement allegations in the Australian action target ZTE products using Qualcomm chips.  The accused ZTE products in the Australia action include but are not limited to Telstra Frontier (ZTE T81), Telstra EasyTouch 4G (ZTE T82), Telstra 4G Tablet (ZTE V96A), Telstra Wi-Fi 4G (ZTE MF91), Telstra USB 4G (ZTE

2

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

MF821), ZXSDR BS8800, ZXSDR BS8700, ZXSDR BS8900, and ZXSDR BS8908. The ZTE products that are accused of infringing Vringo's Patents are collectively referred to as the "Accused Devices". (Ruga Decl., ¶ 4.)

On June 11, 2013, Vringo Infrastructure, Inc. filed a lawsuit in the Federal Court of Australia in the New South Wales Registry (hereinafter "Vringo Australia Action") against ZTE's Australian subsidiary, ZTE (Australia) Pty Ltd (hereinafter "ZTE Australia"), for infringement of, *inter alia*, the AU 893 patent. (Ruga Decl., ¶ 9.)

The Vringo Australia Action is referred to herein as "the Foreign Proceeding."

The functionalities accused of infringing at least the AU 893 patent includes the functionality implemented by wireless communications chips—including baseband, transceiver, and power management chips—manufactured by Qualcomm and contained within ZTE's devices. (Ruga Decl., ¶ 5.) Qualcomm technical documents, source code and invoices relating to the wireless communications chips within ZTE's devices are therefore highly relevant to Vringo's infringement actions against ZTE in the Foreign Proceeding. Qualcomm is not a party to the actions for which Vringo seeks discovery (*Id.*, ¶ 6), and its principal place of business is located at 5775 Morehouse Drive, San Diego 92121, within the Southern District of California. (*Id.*, ¶ 7). The Foreign Proceeding involves at least one Vringo Patent.

As of the filing of this Application, ZTE had not produced the technical documents requested in this Application. (Ruga Decl., ¶10.) Indeed, despite requests from Vringo that ZTE produce the technical documents and/or invoices relevant in the Foreign Proceeding, ZTE has steadfastly refused to produce relevant documents, prevented the production of documents, or has indicated such documents are not in its possession, custody or control. For example, in connection with the Vringo Australia Action, ZTE Australia has relied on a strict delineation between the corporate entities in the ZTE corporate group in an effort to prevent Vringo from obtaining information

3

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

1. that supports its infringement claims. Specifically, Vringo obtained an order from the Court on February 25, 2014 requiring ZTE Australia to disclose whether it has in its possession relevant handset source code and related specifications and documentation. (Ruga Decl., ¶11; Exh. 3 at ¶¶ 2(a)-(b).) On March 25, 2014, ZTE Australia informed Vringo that it does not have the relevant documents in its "possession, custody or control" but that, to the best of its knowledge, "those documents and source code are in the possession of ZTE Corporation." (Ruga Decl., ¶ 12; Exh. 4.) ZTE Corporation is not a party to the Vringo Australia Action. After numerous attempted by Vringo to have ZTE Australia ask ZTE Corporation whether ZTE Corporation in fact had those documents and source code and would provide them to Vringo, ZTE Australia "decline[d] to provide those documents and source code for the purpose of [the] proceeding." (Ruga Decl., ¶ 13; Exh. 5.) On April 24, 2014, Vringo requested that the Court order ZTE Australia to "take all reasonable steps available to it to obtain" the relevant documents from ZTE Corporation. (Ruga Decl., ¶ 14; Exh. 6.) However, Vringo's April 24, 2014 request, which was granted in a court judgment dated May 23, 2014 (and subsequently given effect in orders dated May 29, 2014) would not compel ZTE Corporation to produce these documents since it is not a party to the Vringo Australia Action. (Ruga Decl., ¶¶ 15-16; Exhs. 7-8.) As a result, Vringo may not obtain the requested documents unless Qualcomm produces them in connection with this proceeding.

As a result of ZTE's lack of cooperation in the Foreign Proceeding and its express representation that it does not have custody or control over relevant technical documents, Vringo brings this Application to obtain the technical documents that are believed to be in the possession of non-party Qualcomm, who is beyond the reach of the subpoena power of the subject foreign courts.

///

///

4

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

## III. ARGUMENT

### A. Legal Standard

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made ... upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

The statute may be invoked where: "'(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *In re Republic of Ecuador*, 2010 WL 3702427, at *4 (N.D. Cal. Sept. 15, 2010) (*quoting In re Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)); *see also In re Roebers*, 2012 WL 2862122 (N.D. Cal. July 11, 2012).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting section 1782 applications. These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *see also Four Pillars Enters. Co v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).

Vringo's *ex parte* application is the appropriate vehicle for seeking the proposed discovery from Qualcomm pursuant to Section 1782. *See e.g., In re Roebers*, 2012 WL 2862122 at *2 (stating "[a]n *ex parte* application is an acceptable method for seeking discovery pursuant to §1782."); *see also In re Republic of Ecuador*, 2010 WL 3702427 at *7 ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte. Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations and citations omitted); *In re Republic of Ecuador*, 2010 WL 4027740 (E.D. Cal. Oct. 14, 2010) (stating "*ex parte* application is an acceptable method for seeking discovery" pursuant to §1782). Indeed, this Court previously granted *ex parte* Section 1782 applications filed by Nokia, Vringo's predecessor-in-interest to the Vringo Patents, which sought some of the same types of discovery from Qualcomm in connection with foreign proceedings between Nokia and HTC. *See In re Ex Parte Application of Nokia Corp. and Nokia GmbH.*, 12-cv-2653 BEN (WMC), slip op. (S.D. Cal. Nov. 19, 2012); *see also In re Ex Parte Application of Nokia Corporation*, 13-cv-1152 WQH (BLM) slip op. (S.D. Cal. June 24, 2013); *In re Ex Parte Application of Nokia Corporation*, 13-cv-02970 BEN (WMC) slip op. (S.D. Cal. Jan. 21, 2014). (Ruga Decl., ¶¶19, 21-24, Exhs. 9, 11-14.) Moreover, this Court granted an *ex parte* Section 1782 application filed by Apple Inc. which sought some of the same types of discovery from Qualcomm in connection with foreign proceedings between Apple and Motorola. *See In re Ex Parte Apple Inc.*, 12-cv-147 LAB (POR), slip op. (N.D. Cal. Jan. 25, 2012) (Ruga Decl., ¶ 21, Exh. 21).

6

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

### B.     Vringo Has Met the Statutory Requirements Of Section 1782

Vringo's request for discovery meets each of the three statutory requirements. First, the person from whom discovery is sought, Qualcomm, "resides or is found" in this District because its principal place of business is located within this district at 5775 Morehouse Drive, San Diego, California. 28 U.S.C. § 1782(a); Ruga Decl., ¶ 7, Exh. 2 (excerpt of Qualcomm 2012 10K) at pp. 1-2.

Second, the discovery of technical documents relating to Qualcomm chips is, at a minimum, highly relevant to Vringo's infringement claims in the Foreign Proceeding. *See* 28 U.S.C. §1782(a) (the discovery sought must be used for a "proceeding before a foreign tribunal."); Ruga Decl., ¶¶ 9-16. It is well settled that foreign adjudicative bodies, such as the Supreme Court of New South Wales, Australia, qualify as a "tribunal" for purposes of Section 1782. *See, e.g., In re Futurecorp Int'l Pty Ltd*, C12-80267 MISC CRB, 2012 WL 5818288 (N.D. Cal. Nov. 15, 2012) (permitting discovery for use in the Supreme Court of New South Wales, Australia).

Third, as named party in the foreign action, Vringo qualifies as an "interested party." 28 U.S.C. § 1782(a); Intel, 542 U.S. at 256 ("No doubt litigants are included among ... the 'interested person[s]' who may invoke § 1782"); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011). Accordingly, Vringo has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C.     The Supreme Court's *Intel* Factors Strongly Favor Granting Vringo's Application.

In addition to meeting the statutory requirements under Section 1782, the *Intel* factors identified by the Supreme Court also weigh heavily in favor of the Court exercising its discretion to grant Vringo's request for discovery.

#### 1.     Qualcomm Is Not a Party to the Foreign Proceeding.

The first Intel factor—whether "the person from whom discovery is sought is a

7

participant in the foreign proceeding"—is satisfied because Qualcomm is not a party to the foreign litigation. *See Intel*, 542 U.S. at 264 (noting that nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid). Here, the material sought—technical information in Qualcomm's possession—may not be within the foreign tribunals' jurisdictional reach. *See Heraeus Kulzer*, 633 F.3d at 597 (authorizing section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, 2009 WL 88348, at *5 (N.D. Cal. Jan. 13, 2009) (holding that "petitioner need only show that the information" sought under section 1782 "will be useful"). The possibility that the requested discovery might not be available in the foreign proceeding further justifies Vringo's request.

### 2. Vringo Seeks Highly Relevant Information That Will Assist the Foreign Court.

The second factor articulated by the *Intel* Court "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Because the nature and character of the Foreign Proceeding involve Vringo's allegations of patent infringement, discovery regarding potentially relevant technical documents and schematics would be critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782).

Vringo accuses functionalities resident in Qualcomm's chips, which are incorporated into ZTE's Accused Devices, of infringing the patent at issue. As a result of these claims, Vringo seeks discovery relevant to technical issues pertaining to the

8

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

chips that will enable Vringo to fully investigate and verify infringement in order to properly assert its claims. Moreover, prior cases have recognized the receptiveness of Australian courts to the use of discovery obtained through Section 1782. *See e.g., In re Futurecorp Int'l Pty Ltd*, C12-80267 MISC CRB, 2012 WL 5818288 (N.D. Cal. Nov. 15, 2012).

### 3. No Foreign Discovery Restrictions Bar Vringo's Requested Discovery.

Vringo's Section 1782 Application is not an attempt to circumvent foreign proof-gathering restrictions. *Intel*, 542 U.S. at 260-63. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782 should a district court refrain from granting the assistance offered by the act." *See In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996); *see also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting discovery under Section 1782 and observing that court "can simply refuse to consider any evidence that [1782 applicant] gathers by what might be under French procedures—an unacceptable practice"); *In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (ED. Wis. 2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States"). Here, Vringo is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782. To the contrary, as noted above, courts have routinely granted applications under Section 1782 for evidence to be used in the foreign court at issue here. *See also, e.g., In re Futurecorp Int'l Pty Ltd*, C12-80267 MISC CRB, 2012 WL 5818288 (N.D. Cal. Nov. 15, 2012) (permitting discovery for use in the Supreme Court of New South Wales, Australia).

### 4. Vringo's Discovery Is Narrowly Tailored to Avoid Undue Burden.

The *Intel* Court finally noted that "unduly intrusive or burdensome requests

9

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

may be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, Vringo's proposed discovery requests are narrowly tailored and are not unduly burdensome. Vringo is requesting document discovery that is targeted to discrete sets of technical documents relating to the accused functionalities in the Qualcomm chips utilized in ZTE's Accused Devices. The universe of responsive documents is thus likely to be reasonably focused and easily searchable, avoiding any undue burden on Qualcomm.

### D. Granting Vringo's Section 1782 Request Would Promote Efficient Discovery.

Courts have also considered other evidence bearing on whether the discovery sought accomplishes the goals of the statute, which include "providing efficient means of assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v. LBA Y.K*, 335 Fed. App'x. 95, 96 (2d Cir. 2009) (internal quotation omitted). Section 1782 provides an effective means for obtaining the discovery sought by Vringo. *See United Co. Rusal, PLC v. Trafigura A.G.*, 2011 WL 1045532 (D. Conn. Mar, 16, 2011) (granting movant's request for discovery under 28 U.S.C. § 1782 in order to prosecute pending claims in England, Russia, and St. Kitts/Nevis); *Application of Sarrio S.A. for Assistance Before Foreign Tribunals*, 173 F.R.D. 190, 192 (S.D. Tex. 1995) (granting subpoena under 28 U.S.C. § 1782 to produce documents and give testimony in support of pending proceedings in England and Spain). Accordingly, the *Intel* factors strongly favor the Court exercising its discretion to grant Vringo's application.

Indeed, courts in this Circuit have routinely permitted discovery under Section 1782, when, as here, the applicant has satisfied the statutory requirements and the above factors weighed in favor of granting relief. *See e.g.*, *In re Ex Parte Application of Nokia Corp. and Nokia GmbH.*, 12-cv-2653 BEN (WMC), slip op. (S.D. Cal. Nov. 19, 2012) (Ruga Decl., ¶22, Exh. 12); *see also In re Ex Parte Application of Nokia Corporation*, 13-cv-1152 WQH (BLM) slip op. (S.D. Cal. June 24, 2013) (*Id.*, ¶ 19,

10

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

Exh. 9); *In re Ex Parte Application of Nokia Corporation*, 13-cv-02970 BEN (WMC) slip op. (S.D. Cal. Jan. 21, 2014) (*Id.*, ¶ 20, Exh. 10); *In re Ex Parte Apple Inc*., 12-cv-147 LAB (POR), slip op. (N.D. Cal. Jan. 25, 2012) (Ruga Decl., ¶ 21, Exh. 11); *In re Am. Petroleum Institute*, 11-80008- JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Ruga Decl., ¶ 23, Ex. 13); *In re Ecuador*, 2010 WL 3702427, at *2; London, 279 F. App'x at 513; *Chevron Corp. v. E-Tech Int'l*, 2010 WL 3584520 (S.D. Cal. Sept. 10, 2010); *Govan Brown & Assocs. v. Doe*, 2010 WL 3076295, at *3 (N.D. Cal. Aug. 6, 2010); *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Ruga Decl., ¶ 24, Exh. 14).

## IV.   CONCLUSION

Vringo seeks narrowly tailored discovery for use in the Foreign Proceeding. Because Vringo's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, Vringo respectfully requests that this Court issue an order authorizing the issuance of a subpoena in substantially the same form as the subpoena attached as Exhibit A to this Application.

DATED:  October 22, 2014          **CASONDRA K. RUGA**
                                  **ALSTON & BIRD LLP**

                                   /s/ Casondra K. Ruga
                                  Casondra K. Ruga
                                  Attorneys for Applicants
                                  **VRINGO, INC. AND VRINGO INFRASTRUCTURE, INC.**

11

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM